IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KAY XIONG YANG ESTATE AND TRUST, *et al.*,

                    Plaintiffs,

  v.

SCOTT R. HALLION, *et al.*,

                    Defendants.

OPINION and ORDER

23-cv-710-wmc

---

      Several individual plaintiffs and associated trusts have filed a proposed civil action against several individuals. Plaintiffs are representing themselves and have paid the filing fee. Before issuing summons and directing plaintiffs to serve their complaint on the defendants, however, this court must confirm that subject matter jurisdiction exists. The court cannot make that determination, however, because plaintiffs' complaint lacks sufficient information. Therefore, the court will dismiss the complaint and give plaintiffs an opportunity to file an amended complaint that provides more information.

## ANALYSIS

      Federal courts have limited jurisdiction, which means that they may hear a case only if Congress or the Constitution authorizes it. Generally, this court may consider only cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Federal district courts have an obligation to screen all complaints to determine whether there is a basis for exercising jurisdiction. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005).

Federal courts also review complaints to determine whether they comply with Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

The court cannot determine whether this court has jurisdiction over plaintiffs' claims because the complaint, even with the attachments, includes no factual allegations about who the numerous plaintiffs and defendants are, or what adverse actions the defendants took against plaintiffs.  Plaintiffs purport to be suing defendants for theft, racketeering, property damage, fraud and defamation, among other things, but their complaint contains no details about what specific actions the individual defendants took that would make them liable to plaintiffs under any of these legal theories.

Because of those deficiencies, the court will dismiss the complaint without prejudice. Plaintiffs may file an amended complaint that includes the allegations that are missing.  If they choose to file an amended complaint, they should draft it as if they are telling a story to people who know nothing about their situation. They should state clearly what happened, when it happened, and what each individual defendant did, or did not do, that plaintiffs believe violated their rights.  They should keep their complaint short and to the point, avoiding legal jargon and argument, and they should set forth their allegations in separate, numbered paragraphs.  After they finish drafting the amended complaint, they should review it and

consider whether it would be understood by someone who is not familiar with the facts of their case.

If plaintiffs file an amended complaint that provides a clear basis for federal jurisdiction, complies with Rule 8, clarifies the factual basis of their claims, and explains why the named defendants should be held liable for the harm plaintiffs have suffered, the court will screen the amended complaint to determine whether plaintiffs may proceed further with this lawsuit.

ORDER

IT IS ORDERED that plaintiffs' complaint is DISMISSED without prejudice for its failure to establish subject matter jurisdiction and failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Plaintiffs may have until March 8, 2024, to file an amended complaint as set forth above.  If plaintiffs do not file an amended complaint by March 8, the court will dismiss this case with prejudice for plaintiffs' failure to state a claim upon which relief may be granted.

Entered February 13, 2024.

> BY THE COURT:
>
> _/s/_____
> WILLIAM M. CONLEY
> District Judge